**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| STUART R. DAY, ET AL. | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| VS. | * | |
| | * | NO: 4:09CV00031 SWW |
| CELADON TRUCKING SERVICES, INC. | * | |
| | * | |
| | * | |
| Defendant | | |

**ORDER**

This is a class action against Celadon Trucking Services, Inc. ("Celadon") pursuant to the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. §§ 2101-2109. On October 13, 2011, the Court granted Plaintiffs' motion for summary judgment on the issue of liability. Thereafter, Celadon filed a motion for certification of an issue for interlocutory appeal and a stay of proceedings pending appeal, which the Court granted. The Eighth Circuit denied Celadon's petition, and the case is now before the Court on Plaintiffs' motion for leave to file a motion for partial summary judgment on the issue of damages (docket entry #99), Celadon's response (docket entry #100), and Plaintiffs' reply (docket entry #101). After careful consideration, and for reasons that follow, Plaintiffs' motion is granted.

Celadon states that it does not object to Plaintiffs' request to file a dispositive motion, provided that Celadon receives an opportunity, after the motion is filed, to depose individuals who provide testimony in support of the motion. Celadon acknowledges that the discovery deadline in this case expired on April 19, 2010, but it states that the relief requested is necessary because Plaintiffs failed to disclose information related to their claim for damages as required

under Rule 26(a) of the Federal Rules of Civil Procedure.

Plaintiffs object to reopening discovery and state that in initial disclosures, they disclosed that any or all of the plaintiffs joined in this case might be called as witnesses to testify regarding rates of pay and that they intended to use records and documents to establish their rates of pay. Plaintiffs report that Celadon never requested a deposition during the discovery period or within the two years that followed the close of discovery.

Plaintiffs also recount that after the Court granted summary judgment in Plaintiffs' favor as to liability, the parties filed a joint motion for a continuance of the trial date and requested that the Court permit the parties to submit a damages calculation to the Court. Plaintiffs reports that the parties agreed about the methods and source documents that they would use to calculate damages. However, Celadon then hired new counsel, abandoned the agreement, and attempted an interlocutory appeal. Plaintiffs maintain that reopening discovery at this stage would be unfair and further delay their receipt of wages due under the law.

The Court finds that Plaintiffs' motion should be granted, without qualification. Plaintiffs are instructed to file their motion within fifteen (15) days from the entry date of this order. A party opposing summary judgment who believes that it has not had an adequate opportunity to conduct discovery must seek relief pursuant to Federal Rule of Civil Procedure 56(f), which requires the filing of an affidavit with the trial court showing "what specific facts further discovery might unveil." *Stanback v. Best Diversified Products, Inc.*, 180 F.3d 903, 911 (C.A.8 (Ark.),1999)(citing *Dulany v. Carnahan,* 132 F.3d 1234, 1238 (8th Cir.1997)). Celadon has not made the showing required under Rule 56(d), and the Court declines to postpone a resolution of this case.

IT IS THEREFORE ORDERED that Plaintiffs' motion for leave to file a motion for summary judgment on the issue of damages (docket entry #99) is GRANTED.  Plaintiffs are instructed to file the motion within fifteen days from the entry date of this order.

IT IS FURTHER ORDERED that the stay in this case is lifted.

IT IS SO ORDERED THIS 25TH  DAY OF JULY, 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE