**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

| | | |
|---|---|---|
| STUAR R. DAY, ET AL. | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| VS. | * | |
| | * | NO: 4:09CV00031   SWW |
| CELADON TRUCKING SERVICES, | * | |
| INC. | * | |
| | * | |
| Defendant | | |

**ORDER**

This is a class action against Celadon Trucking Services, Inc. ("Celadon") pursuant to the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. §§ 2101-2109. Before the Court is Celadon's motion for discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure (docket entry #106), Plaintiffs' response in opposition (docket entry #108), and Celadon's reply (docket entry #109).  After careful consideration, and for reasons that follow, Celadon's motion is granted in part and denied in part.

**I.**

Plaintiffs are former employees of non-party Continental Express, Inc. ("Continental"), a company that operated a trucking business.  Plaintiffs filed this action on January 1, 2009, seeking back pay and benefits, claiming that Celadon purchased Continental as a going concern and then  terminated their employment without providing 60 days' advance notice as required

under the WARN Act. [1]

On October 13, 2011, the Court granted Plaintiffs' motion for summary judgment on the issue of liability. Thereafter, the parties conferred and determined that the most economical and efficient method for resolving Plaintiffs' damages claims would be to submit a damages calculation to the Court, which might eliminate the need for a trial. *See* docket entry #76, ¶ 3. By joint motion, signed by counsel of record for both parties, the parties moved for a continuance of the trial date, and they requested a telephone conference for the purpose of developing a plan and a time-line for resolution of the remaining damages issues. *See* docket entry #76. The Court continued the trial date and scheduled a telephone conference as requested. *See* docket entry #77. Before a teleconference could take place, Celadon engaged new attorneys to serve as the company's counsel of record in this case. Celadon's substituted counsel filed a motion for certification of an issue for interlocutory appeal and a stay of proceedings pending appeal, which the Court granted. On April 11, 2012, the Eighth Circuit denied Celadon's petition. Thereafter, Plaintiffs sought leave to file a motion for summary judgment on the issue of damages, which the Court granted.

On August 7, 2012, Plaintiffs filed a motion for summary judgment on the issue of damages. Along with their motion, Plaintiffs present the affidavit of their attorney, Abraham Bogoslavsky, who testifies that he and Celadon's original counsel of record agreed that Plaintiffs

---

[1]The WARN Act prohibits employers from ordering "a plant closing or mass layoff until the end of a sixty-day period after the employer serves written notice of such an order." 29 U.S.C. § 2102(a). "Any employer who orders a plant closing or mass layoff [without providing the required notice] shall be liable to each aggrieved employee who suffers an employment loss as a result of such a closing or layoff for back pay for each day of the violation . . . ." 29 U.S.C. § 2104(a)(1).

2

would submit a spreadsheet regarding damages and that Celadon would have an opportunity to review the spreadsheet and assert objections. Attorney Bogoslavsky states: "The thought was that we could agree on almost all damages and streamline the trial, if one was even necessary." Docket entry #103, Ex. G. ¶ 3. Attorney Bogoslavsky further testifies that based on representations he receive from opposing counsel, he believed that Celadon would not dispute damages calculations that were based on a W-2, a pay stub, tax information, or an affidavit. *Id*, ¶ 6.

In support of their motion for summary judgment, Plaintiffs present evidence that they and the class members were Continental employees on the date of the sale to Celadon. Plaintiffs also present spreadsheets listing the salaries, rates of pay, and benefits for each plaintiff and class member. Timothy A. Hodnett, Continental's former vice president of human resources, testifies by affidavit that the spreadsheet data is based on tax forms, pay stubs, and other documents that he has reviewed.

Class members who worked as truck drivers for Continental lacked documentation regarding their wages. For these individuals, Continental presents the affidavit of Bernice Baca, a former Continental log clerk, regarding the minimum amounts that a Continental driver would have earned during the relevant time period. *See* docket entry #103-5. Finally, Plaintiffs present the affidavit of former Continental employee Jim White, who testifies that he paid $3,067 for a medical procedure during the sixty-day period following his termination. White states that Continental's health plan had approved the procedure and would have covered the payment if he had received the required WARN-Act notice.

In response to Plaintiffs' motion, Celadon filed a motion requesting discovery pursuant to

Rule 56(d) of the Federal Rules of Civil Procedure.  In the event that the Court denies the relief requested under Rule 56(d), Celadon requests an additional twenty-day period in which to respond to Plaintiffs' motion for summary judgment on damages.

## II.

If the nonmoving party cannot show the existence of a genuine issue for trial because the nonmoving party has not had an adequate opportunity to obtain necessary evidence through discovery, he or she may seek relief under Rule 56(d).  Under Rule 56(d), formerly Rule 56(f), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to summary judgment], the court may . . . defer considering the motion or deny it; . . . or issue any other appropriate order." Fed. Rule Civ. P. 56(d).

A motion under Rule 56(d), however, "is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." *Duffy v. Wolle*, 123 F.3d 1026, 1040 (8th Cir. 1997); *see also Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997)("Rule 56(f) does not condone a fishing expedition.").   A nonmovant seeking relief under Rule 56(d) must do more than speculate that it may discover additional facts that would overcome a motion for summary judgment, *see Stanback v. Best Diversified Prods.*, 180 F.3d 903, 911 (8th Cir.1999), and must submit an affidavit showing  showing "'what specific facts further discovery might unveil.'" *Id.* (quoting *Dulany v Carnahan*, 132 F.3d 1234, 1238 (8th Cir. 1997)).   "Where a party fails to carry [his] burden under Rule [56(d)], 'postponement of a ruling on a motion for summary judgment is unjustified.'" *Id.* (quoting *Humphreys v. Roche Biomedical Labs., Inc.*, 990 F.2d 1078, 1081 (8th

Cir. 1993)).

Celadon asserts that it cannot adequately respond to the motion for summary judgment "because Plaintiffs rest their entire computation of damages for the entire class on a summary spreadsheet purportedly authenticated by three former employees based on a review of underlying documents neither identified nor produced to Celadon."  Docket entry #109, at 7. Celadon notes that under Rule 1006 of the Federal Rules of Civil Procedure, a proponent may use a summary or chart to prove the content of voluminous writings, but the underlying materials must be made available for examination or copying by the other parties.  Celadon reports that it requested that Plaintiffs produce the supporting documents referenced in the affidavits presented, but opposing counsel  "preliminarily indicated that Plaintiffs would not agree to produce the documents."  Docket entry #106, at 4 n.2.

In response to Celadon's motion, counsel for Plaintiff states that he has communicated to opposing counsel that he will make the underlying documents available for inspection.  *See* docket entry #108, at 6-7 and Ex. #1.  The Court directs the parties to confer and make arrangements for Celadon to examine all documents supporting Plaintiffs' summary spreadsheets.   The Court will extend the deadline for Celadon's response in order to provide Celadon time to review the underlying documents before filing a response to the motion for summary judgment.

Celadon contends it cannot present an opposition to summary judgment without first deposing affiants Hodnett, Day, Bacca, and White.  Celadon asserts that a cursory review of the affidavits reveal that the testimony is unreliable.  Celadon's attorney, Angela Cash, testifies by affidavit that Celadon "cannot fully present facts justifying an opposition to the affidavits

because [they] merely include summary information without supporting documents or a description of the process as to how they purportedly computed damages for the entire class." Docket entry #106, Ex. A, ¶ 5.  Attorney Cash  states: "Only with the production of the underlying documents and affiant depositions can Celadon have a meaningful opportunity to test Plaintiffs' proffered evidence, further expose inconsistencies and errors, and properly assert its arguments . . . . " *Id*., ¶ 11.

A party's vigilance to prepare its case in a timely manner is relevant to whether relief is available under Rule 56(d).  *See Beatty v. Synthes* (USA), No. 03-3378, 101 Fed. Appx. 645, 2004 WL 1434860, at *1 (8th Cir. June 28, 2004)(affirming denial of Rule 56(f) motion where the plaintiff failed to submit an affidavit identifying material facts discovery might unveil and failed to show that she had vigilantly sought to prepare her case in a timely manner); *see also* Fed. R. Civ. P. 16(b)(4)(stating that a scheduling order may be modified only for good cause) and *Bradford v. DANA Corp.*  249 F.3d 807, 809 (8th Cir. 2001)("The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.").   The discovery deadline in this case expired on April 19, 2010, and Celadon has never, until this late date, requested an extension or reopening of discovery.

More important, Celadon has failed to state specific facts that depositions might unveil. Instead, Celadon presents detailed arguments attacking the admissibility, validity, and reliability of Plaintiffs' evidence.  The parties' agreement that they would attempt to resolve the damages portion of this case through stipulations after a claims process, *see* docket entry #76, ¶ 3, also weighs against reopening discovery at this late date.  In accordance with the parties' agreement,

Plaintiffs have offered to make supporting documents available for Celadon's inspection. Although the Court finds that Celadon is not entitled to conduct depositions, the Court will grant Celadon's request for an additional twenty-day period in which to respond to Plaintiffs' motion for summary judgment on damages, which will afford Celadon time to review the supporting documents.

### III.

For the reasons stated, Defendant's motion for discovery under Rule 56(d) (docket entry #106) is GRANTED IN PART AND DENIED IN PART.  Defendant's request to conduct depositions is denied, but Plaintiffs are directed to make the originals or duplicates of supporting documents available for Defendant's inspection at a reasonable time and place.  Defendant has up to and including twenty (20) days from the entry date of this order in which to respond to Plaintiffs' motion for summary judgment (docket entry #103).

IT IS SO ORDERED THIS 23RD   DAY OF AUGUST, 2012.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE